UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR RENRICK JONES, | Civil Action No. 15-4819 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| OSCAR AVILES, | |
| Respondent. | |

This matter having been opened to the Court by Petitioner Omar Renrick Jones' filing of a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his immigration detention. (ECF No. 1.) For the reasons explained below, the Court will deny without prejudice the Petition at this time.

Petitioner, a detainee at Hudson County Correctional Center, has been in the custody of Immigration and Customs Enforcement ("ICE") since December 20, 2013. (*Id.*, Pet. at 11; ECF No. 6, Res. Br. at 1.) He filed the instant Petition on June 29, 2015. (ECF No. 1.) On July 8, 2015, the Court screened the Petition for dismissal, and ordered Respondents to file a full Answer within 45 days. (ECF No. 2.) On August 19, 2015, United States Attorney David E. Dauenheimer, Deputy Chief of the Civil Division, wrote to the Court to request a 32 day extension of time to respond to the Petition. Mr. Dauenheimer provided the following reason for the extension:

> Undersigned counsel has secured documentation from DHS and is seeking additional relevant documents at this time. Additionally, counsel has been informed that Petitioner's immigration proceedings have been completed and a written decision by the Immigration Judge is scheduled to be entered on September 22,

1

> 2015. Given the above, Counsel respectfully requests a 32 day extension of time to respond, until September 25, 2015. Counsel expects this extension will provide sufficient time to secure the Immigration Judge's ruling which will either moot this petition or significantly aid in the determination of the reasonableness of Petitioner's continued detention.

(ECF No. 4.) The Court granted the extension of time. (ECF No. 5.) The following day, however, Respondent filed the Answer. (ECF No. 6.) The thirteen page brief accompanying Respondent's Answer contended that Petitioner is "lawfully detained pursuant to 8 U.S.C. § 1226(c)" and that his release was not required by the Third Circuit's Recent decision in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). (ECF No. 1.)

The Court then ordered Respondent to (1) provide a status update to the Court addressing whether the hearing took place and attaching any written decisions and (2) provide supplemental briefing explaining how the hearing decision and the bona fides of Petitioner's current challenges to his removal affect the reasonableness of Petitioner's continued detention under *Chavez-Alvarez*. (ECF No. 7.) The Court also required Respondent to provide supplemental briefing regarding whether Petitioner, who is litigating his removal proceedings in New York, had received a bond hearing pursuant to the Second Circuit's decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), as such a hearing would moot the need for same relief in this proceeding. (*Id.*)

On February 3, 2016, Respondent filed a letter and accompanying exhibits with the Court. The letter states in relevant part:

> As the Court is aware, Petitioner had been detained, in pre final order of removal custody, since December 20, 2013, pursuant to 8 U.S.C. § 1226(c). Since Respondent filed its brief in this matter on August 25, 2015, Petitioner's immigration case has progressed substantially. On September 17, 2015, the Immigration Judge issued a written opinion denying Petitioner's claims for relief and ordering Petitioner removed to Jamaica. *See* Ex. A – IJ Decision. Petitioner appealed that determination to the Board of

2

>Immigration Appeals ("BIA") which issued a written decision affirming the Immigration Judge and dismissing the appeal on January 7, 2016. See Ex. B – BIA Decision. On January 20, 2016, Petitioner filed a pro se petition for review of the BIA's merits decision in the Second Circuit. See Ex. E – Docket for Case No. 16-186. He also filed a motion for a stay of his removal pending this appeal. *Id.* at Dckt. No. 3. No action has been taken on his stay request as of yet. Petitioner is thus subject to the forbearance agreement in the Second Circuit.
>
>With respect to Petitioner's detention pending his removal, Petitioner filed a written request for a bond determination in accordance with the Second Circuit's decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), with the Immigration Judge on November 16, 2015. See Ex. C – Bond Memorandum at 2. A bond hearing was held on November 19, 2015, and a decision was issued that day finding that the Department of Homeland Security ("DHS") had established that Respondent represented a continued danger to the community and/or flight risk

(ECF No. 8, Dauenheimer Letter at page 1.) Respondent argued that Petitioner's request to receive a bond hearing under § 1226 is moot because he had received this relief pursuant to the Second Circuit's decision in *Lora*.[1] (*Id.* at 2.) Respondent also argued that Petitioner is now detained as an alien subject to a final order of removal pursuant to 8 U.S.C. §1231(a) and is not entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*)

Petitioner filed a reply brief on February 22, 2016. In that response, Petitioner primarily contends that the forebearance agreement amounts to a stay of removal under §

---

[1] Petitioner contends in his reply brief that no decision was issued as to why the Immigration Judge denied bond in Petitioner's case and his appeal of that decision resulted in a remand by the BIA for recovery of the record. (ECF No. 9, Reply at pages 4-5.) The Court notes that Respondent has attached to its February 3, 2016 letter a copy of the bond redetermination memorandum, which denied bond and found that DHS had established by clear and convincing evidence that Petitioner is a flight risk and/or constitutes a danger to the community. (ECF No. 8-3, January 8, 2016, Bond Memorandum.) In denying bond, the Immigration Judge stated as follows: "[Petitioner's] criminal record includes a relatively recent conviction for assault in the second degree in which [Petitioner] concedes having stabbed the victim with a knife resulting in a sentence of incarceration for eleven months, together with evidence that he has been the subject of multiple bench warrants and that he has no viable application for relief, all support the finding that [Petitioner] is both a danger to the community and a flight risk." (*Id.* at page 4.)

3

1231(a)(1)(B)(ii), and, as such, he is detained as pre-removal alien pursuant to 1226(c). (ECF No. 9, Reply at 9-19.) This Court disagrees. Post-removal-order detention is governed by 8 U.S.C. § 1231(a). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B). At issue here is the language of 8 U.S.C. § 1231(a)(1)(B)(ii), which provides that "[i]f the removal order is judicially reviewed and if a court orders a stay of the alien's removal," the post-removal detention period begin to run on "the date of the court's final order." While the court-ordered stay is in effect, the petitioner reverts to pre-removal-order detention under § 1226. Petitioner relies on cases outside this District and Circuit to support his argument that the Second Circuit's forbearance agreement amounts to a court-ordered stay under the statute. (ECF No. 9, at page 17.)

The Third Circuit has not addressed this particular question, but has recognized that a post-removal-order detention reverts to pre-removal-order detention where the reviewing court orders a stay. *See Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) (finding that petitioner was not detained under § 1231 because he was "subject to and within a stay of removal"). A number of courts in this Circuit have determined that "the Second Circuit's forbearance policy does not rise to the level of a formal stay of removal" under § 1231(a). *Rone v. Aviles*, No. 15-3798 (KM), 2016 WL 158521, at *5 (D.N.J. Jan. 13, 2016) (collecting cases); *see also Severin v. Aviles*, No. CV 15-3711 (CCC), 2016 WL 1450550, at *2 (D.N.J. Apr. 12, 2016) (finding that Second Circuit's forbearance policy did not amount to a stay under §

4

1231(a); *Phrance v. Johnson*, No. 14-7693 (CCC), 2015 WL 8361780, at *2 (D.N.J. Dec. 8, 2015) (same); (*Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. Mar. 16, 2015) (noting that since stay motion had not yet been granted, basis for petitioner's immigration detention remained under Section 1231); *Grosset v. Muller*, No. 13-0654, 2013 WL 6582944, at *2 n.2 (D.N.J. Dec. 13, 2013) (noting that since no court granted petitioner a stay of removal, detention status remained under Section 1231 despite Second Circuit's forbearance policy); *Aziz v. Attorney Gen. of U.S.*, No. 12-0673, 2012 WL 5207459, at *1 n.3 (M.D. Pa. Oct. 22, 2012) (Section 1226 does not apply to forbearance of removal because no stay of removal had been issued). The Court agrees with this persuasive authority and finds that Petitioner remains in post-removal immigration detention, and his current detention is governed by § 1231 and *Zadvydas*—not § 1226 and the Third Circuit's decisions in *Chavez-Alvarez, supra*, and *Diop v. ICE/HomelandSec.*, 656 F.3d 221 (3d Cir. 2011).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the U.S. Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely pending removal, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention.[2] *Id.* at 701. The Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Court determined:

---

[2] The six-month period does not include Petitioner's pre-removal detention. *See Hendricks v. Reno*, 221 F. App'x. 131, 133 (3d Cir 2007) (holding that the *Zadvydas* six-month period was calculated independent from the length of a petitioner's pre-removal-order detention); *see also Severin v. Aviles*, No. CV 15-3711 (CCC), 2016 WL 1450550, at *2 (D.N.J. Apr. 12, 2016) (same); *Taylor v. Att'y Gen. of U.S.*, 241 F. App'x. 6, 9 (3d Cir 2007) (same).

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, the removal period began on January 7, 2016 when the BIA issued its decision denying his appeal. As such, Petitioner has just reached the six-month mark under *Zadvydas*. However, as noted above, Petitioner has argued only that he is detained as a pre-removal alien pursuant to § 1226, an argument that the Court finds unpersuasive for the reasons stated above. Petitioner has not argued or provided any reason for the Court to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[3] As such, the Court will deny the Petition without prejudice at this time. Petitioner is free to file a <u>new petition</u> provided that he can show that there is no significant likelihood of his removal in the reasonably foreseeable future. An appropriate Order follows.

---

[3] The Court notes that a number of courts have found that where an alien's challenge to a removal order prevents his removal, the six-month reasonable period of *Zadvydas* is extended. *See Brodyak*, 2015 WL 1197535, at *3 (citing *Evangelista v. Ashcroft*, 204 F. Supp. 2d 405, 409 (E.D.N.Y. 2002)); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process ... has a definite and evidently impending termination point" and is therefore lawful); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (the filing of a motion for stay of deportation interrupts the running of time under *Zadvydas*). The Court need not reach this question here as Petitioner has not met his initial burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future.

_____
Madeline Cox Arleo, District Judge
United States District Court